IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**DEMARCUS RAYFIELD,**
**ADC #154067**                                                                                       **PLAINTIFF**

v.                                            Case No. 4:13CV00401 KGB

**STEPHANIE BLACK, et al.**                                                                **DEFENDANTS**

## ORDER

Demarcus Rayfield, an inmate in the Arkansas Department of Correction, filed this *pro se* case under 42 U.S.C. § 1983 (Dkt. No. 2), along with a motion to proceed *in forma pauperis* (Dkt. No. 1). Upon consideration of the financial information provided with Mr. Rayfield's motion, the Court grants Mr. Rayfield leave to proceed *in forma pauperis*. However, the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915, nonetheless requires prisoners to pay the filing fee when a prisoner brings a "civil action." 28 U.S.C. § 1915(b). Although Mr. Rayfield styles his claim as a § 1983 action, it is in fact, as discussed further below, a petition for writ of habeas corpus. The Eighth Circuit has held that habeas corpus, a "unique creature of the law," is not a "civil action" for the purposes of the PLRA's filing fee provision. *Malave v. Hedrick*, 271 F.3d 1139, 1139–40 (8th Cir. 2001). Where an action is not filed as such, but is properly a habeas corpus action, the PLRA's filing fee provision is inapplicable. *See United States v. Feist*, 346 F. App'x 127, 128 (8th Cir. 2009). Consistent with Eighth Circuit precedent, the Court waives the filing fee in this action. Furthermore, for the reasons set forth below, the Court dismisses this action without prejudice.

Mr. Rayfield categorized his complaint as an action under 42 U.S.C. § 1983, under which individuals may bring claims against state officials for civil rights violations. However, Mr. Rayfield's allegations arise out of the "fact or duration" of his physical imprisonment, and thus

his sole remedy is a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A § 1983 civil rights claim, on the other hand, is the proper means for a prisoner to seek money damages or injunctive relief from unlawful treatment.  *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996).  Mr. Rayfield's claim is that he is wrongly imprisoned as a result of incidents that occurred at trial.  Thus, to the extent he is seeking release from confinement, his claim lies at the "core of habeas corpus" and his remedy is with a writ of habeas corpus, not through a civil rights suit brought under  42 U.S.C. § 1983.

The Court further notes that, even if the instant case had been properly brought as a petition for writ of habeas corpus, the action would be subject to dismissal because there is no indication that Mr. Rayfield has exhausted his available state remedies, which he must do before invoking federal habeas corpus jurisdiction. *See, e.g.*, *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999).  As Mr. Rayfield presently has an appeal pending in the Arkansas Supreme Court, he has yet to exhaust his state remedies.  The Court dismisses Mr. Rayfield's instant § 1983 claim without prejudice.

SO ORDERED this 2nd day of October, 2013.

_____
Kristine G. Baker
United States District Judge